

Peter A. Romero, Esq.
David D. Barnhorn, Esq.

Matthew J. Farnworth, Esq.

May 8, 2024

**VIA ECF**
Hon. Steven L. Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 910
Central Islip, New York 11722

      Re:    *Emilio Velasquez v. Catch Oyster Bar Inc., et al.*
            Docket No.: 2:23-CV-06818 (ST)

Dear Judge Tiscione:

      This firm represents the Plaintiff, Emilio Velasquez, in the above-referenced matter brought against Defendants Catch Oyster Bar Inc. and James Avino, for alleged violations of the Fair Labor Standards Act and New York Labor Law. Specifically, Plaintiff brings claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), failure to pay spread of hours pay pursuant to the NYLL and supporting regulations, and for failure to issue an accurate wage notice and issue accurate wage statements each pay period pursuant to NYLL §§ 195(1) & (3). D.E. 1. Through early discussions in phase I discovery the parties have reached a settlement in principle. Accordingly, Plaintiff now submits this motion for approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request that the Court approve the terms of the parties' settlement agreement. The parties' proposed Executed Settlement Agreement (the "Agreement") is attached as Exhibit A.

      On September 13, 2023, Plaintiff filed his Complaint. D.E. 1. On November 20, 2023, Defendants filed their Answer to the Complaint. D.E. 8. On December 21, 2023, the Court set an initial pre-trial discovery schedule, and referred the case to mediation on December 27, 2023. The parties subsequently complied with the Court's discovery schedule and engaged in settlement discussions until a settlement in principle was reached. Thereafter, the parties drafted their formal settlement agreement, which has been fully executed, and is attached hereto.

      The settlement agreement between the Plaintiff and the Defendants provides for payment of a gross sum of $14,500.00, inclusive of attorneys' fees and costs. Pursuant to the Agreement, Plaintiff will receive a total of $9,280.00, and Plaintiff's counsel will receive a total sum of $5,220.00, consisting of $4,638.00 for attorneys' fees (i.e. 1/3 of the net settlement amount after deducting costs from the gross settlement amount) and $582.00 for litigation costs, which includes $402.00 for the filing fee for the Complaint and $180.00 for service of process for the Summons and Complaint.

FLSA claims may be dismissed with prejudice under Fed. R. Civ. P. 41 if they are approved by the Court. Cheeks, 796 F.3d at 206-207. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Hernandez v. Merrill Lynch & Co., 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." Id. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id.

In evaluating a proposed settlement of FLSA claims, courts in this Circuit typically apply the five-factor test articulated in Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Wolinsky factors require consideration of the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arms'-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. Id.

In this case, Plaintiff contends that Defendants employed him as a food prep and dishwasher, from in or about October 2020 through in or about August 2023. Throughout his employment, Plaintiff contends that he regularly worked more than forty hours during each workweek. For this work, Plaintiff alleges that Defendants failed to pay him overtime wages at one and one-half times his regular rate of pay for all of his hours worked in excess of forty each week. For these unpaid hours, Plaintiff alleges he was paid his regular hourly rate for all hours worked, including those in excess of forty. As a result, despite frequently working in excess of forty hours in a workweek, Plaintiff asserts that Defendants failed to pay him at his statutorily-mandated overtime rate of pay of one and one-half times his applicable regular rate of pay for all hours worked in excess of forty in a week, in violation of the FLSA and NYLL.

Critically, the parties have several key disputes that impact liability, damages and the ability to collect a judgment in this lawsuit. Defendants contest the number of work hours claimed by Plaintiff each week, asserting that Plaintiff did not perform as much work as he claims, and thus worked fewer hours each week than alleged. Defendants have provided certain compensation records in support of their position, which could impact both liability and the amount of damages owed if credited in whole or in part. While Plaintiff disputes the accuracy of these records, he recognizes the existence of Defendants' records creates an additional hurdle to overcome at trial. Additionally, Defendants contend that Plaintiff is not entitled to liquidated damages, whereas Plaintiff asserts that liquidated damages should be awarded because Defendants cannot establish that the alleged violations, if proven, were part of good faith efforts to comply with the FLSA.

Plaintiff calculated his damages in order to assess his best possible recovery in this litigation. Making all reasonable assumptions in their favor, according to Plaintiff's calculations, Plaintiff's best potential recovery under the FLSA at trial amount to $8,047.63 in actual damages, and an equal amount in liquidated damages, for a total of $16,095.26.

Settling at this stage allows the parties to avoid substantial costs and delays. Indeed, were a settlement not reached at this stage, the parties would have engaged in a potentially costly mediation, additional formal written and document discovery, and depositions of Plaintiff, Defendants, and likely several non-party witnesses. This settlement also avoids potential motions for summary judgment and a time consuming and risky trial, which could result in a months' or years' long delay to obtaining a potential recovery for the Plaintiff, even if he is successful, and avoids potentially facing future appeals. Notably, a trial in this lawsuit is particularly risky because liability and the amount of damages will likely turn upon the credibility of the parties and whether Defendants' records are accurate. As a result, all parties face a serious risk of losing at trial, in whole or in part. Even if Plaintiff prevailed on his overtime wage claims, but Defendants could prove that they made a good faith effort to comply with the FLSA and NYLL, Plaintiffs would not be entitled to liquidated damages, reducing Plaintiff's available FLSA and NYLL damages by half. Thus, by settling at this stage, Plaintiff ensures that he will receive a recovery in this matter. Moreover, there is a substantial risk that Plaintiff would be able to collect only a small portion of the judgment or possibly be unable to collect any recovery under the judgment due to Defendants' limited financial resources. However, Plaintiff is receiving all of his actual damages and approximately 80% of his FLSA liquidated damages under the Agreement.

Accordingly, although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the significant possibility that he could receive lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Thus, assuming this settlement is approved, Plaintiff will be able to recover the settlement funds more expeditiously, and with more certainty, than through a trial judgment.

Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, the release in the Agreement is limited to wage-related claims. The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released in appropriate circumstances); Cheeks, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements). Here, the release is narrowly tailored to release only claims relevant to the instant action. Likewise, the agreement does not contain a confidentiality clause or non-disclosure provision that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood, 2015 WL 4111668, at *1 (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181).

While the Agreement does include a mutual non-disparagement provision, the mutual non-disparagement provision provides Plaintiff and Defendants with the ability to provide truthful statements about their experience in this litigation. Thus, the parties' agreed-to mutual non-disparagement provision contains the required carve out provision permitting parties to make truthful statements about this lawsuit and their experiences litigating this matter. Ramos Pelico v. PGNV, LLC, 2019 WL 2710176, at *3 (S.D.N.Y. June 28, 2019) (approving non-disparagement clause where "the non-disparagement clause is mutual and includes an explicit carve-out for truthful statements. The Agreement provides that the mutual non-disparagement clause 'shall not apply to truthful statements made by any of the Parties regarding their experiences in the Litigation and/or the underlying facts of any claim or defense.'"); Abreu v. Congregation Yetev Lev D'Satmar Meats & Poultry, Inc., 2019 WL 2526087, at *7 (E.D.N.Y. June 19, 2019) (quoting Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 180 (S.D.N.Y. 2015) (non-disparagement clause "'must include a carve-out for truthful statements about plaintiffs' experience litigating their case.'"); Payano v. 1652 Popham Assocs., LLC, 2019 WL 464231, at *4 (S.D.N.Y. Feb. 6, 2019) (collecting cases) (approving non-disparagement clause "that contains a carve out for truthful statements concerning the plaintiff's experience litigating the action." and noting "the overwhelming weight of authority has approved such provisions"); Elamrani v. Henry Limousine, Ltd., 2018 WL 3518505, at *3 (E.D.N.Y. July 19, 2018) (holding that "while the agreement does contain a mutual non-disparagement clause, it also contains carve-out language permitting plaintiffs to make truthful statements about plaintiffs' experience in litigating their claims. The Court finds that the agreement's language adequately protects plaintiffs' interests in accordance with the goals of the FLSA, and approves the agreement accordingly.").

In addition to assessing the reasonableness of the settlement award, most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing Wolinsky, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing Wolinsky, 900 F. Supp. 2d at 336). In this case, the portion of the settlement amount attributable to attorneys' fees is $4,638.00, or one-third of the net settlement amount after deducting for litigation costs.

Notably, while Courts may now award attorneys' fees in amounts greater than one-third of the total settlement sum, plus costs, Fisher v. SD Prot. Inc., 948 F.3d 593 (2d Cir. 2020), Courts have traditionally held that approval of attorneys' fees of 1/3 of the settlement sum, plus costs, is reasonable and routinely approve such terms in settlement agreements. Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); McDaniel v. City of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); see also Oxley v. Excellent Home Care Servs., LLC, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020), report and recommendation adopted, 2020 WL 401772 (E.D.N.Y. Jan. 23, 2020) (citing Romero v. Westbury Jeep Chrysler Dodge, Inc., 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016)) (noting "courts in this Circuit have

routinely found an award representing one third of the settlement amount to be reasonable" in FLSA settlements and awarding plaintiff's counsel a fee of 1/3 of the net settlement after costs, plus an award of costs); Yong Yuan Wang v. Mandarin Glen Cove, Inc., 2019 WL 5695910, at *2-3 (E.D.N.Y. Sept. 30, 2019) (citing Romero, 2016 WL 1369389, at *2) (same); Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 9, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs). Courts have held that a one-third recovery is appropriate in a case where, as here, Plaintiff's counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success"). Thus, Plaintiff's counsel's requested fees of one-third of the net settlement sum after deducting for litigation costs is certainly reasonable.

Accordingly, Plaintiff's counsels' request for attorneys' fees in the amount of $4,638.00 and expenses in the amount of $582.00 should be approved as reasonable.

In light of the foregoing, the parties respectfully request that the Court approve the parties' settlement and dismiss this matter with prejudice, while maintaining jurisdiction to enforce the terms of the settlement.

Respectfully submitted,

*/s Peter A. Romero*

PETER A. ROMERO, ESQ.

cc:    All Counsel of Record *via* ECF